### In re ASIATIC EXPLORATION, Inc.
### No. 14793-J.

District Court, S. D. California, Central Division.

June 13, 1930.

Mulroney & Murphy, of Los Angeles, Cal., for receiver.

John E. Dalton, of Los Angeles, Cal., for Girivat.

Hubert F. Laugharn, of Los Angeles, Cal., for alleged bankrupt.

JAMES, District Judge.

Mildred Whitcomb, representing herself to be the sole creditor of Asiatic Exploration, Inc., a corporation, filed a petition to have the corporation declared a bankrupt. A receiver was appointed at her instance. A temporary restraining order was issued to prevent removal or transfer of the property of the alleged bankrupt, which, it was claimed, consisted principally of motion picture films. A partial hearing was had on May 20, 1930, on an order to show cause for a continuing injunction. Louis Girivat appeared by counsel in opposition to the application for injunction, and later a petition was filed on Girivat's behalf for reclamation of a picture film described generally under the title of "Siam." A further hearing as to the injunction and a hearing on the petition for reclamation were had on June 10, 1930, at which time all questions involved in both matters were submitted for decision after argument of counsel. The chief evidence offered was that furnished by John C. Smith, who at this time is the president of the alleged bankrupt. Notwithstanding that he was called by the receiver as an adverse witness, his testimony stands uncontradicted, as to the facts showing the obligations of the several parties concerned in the business of the alleged bankrupt.

Robert Carr appears to have been the moving party who organized the corporation early in 1928, with the object to take a party of persons skilled in the art to Siam and there obtain material for picture films showing scenes in that country. Mildred Whitcomb was his associate and financial backer. With her money, equipment was purchased, and salaries of technical operators were arranged to be paid. The producing company so organized, with Smith as camera man, went to Siam. Mrs. Whitcomb, apparently, advanced a total of about $23,000. The pictures taken under the direction of Carr were failures and of no value. The latter fact was ascertained while the company was in Siam. At this time, Mrs. Whitcomb an-

nounced that she would not contribute more money for the taking of more pictures.

Louis Girivat was the owner of a number of theatres located throughout Siam and elsewhere, and he agreed to furnish funds with which to complete another picture. He agreed to advance this money on certain definite conditions, which were set forth in a contract which bears date November 16, 1928, which appears to have been recorded at the American Consulate at Bangkok, Siam, on November 17, 1928. Prior to this time, through the insistence of Mrs. Whitcomb, Carr had resigned as president of the alleged bankrupt, and Smith had been elected in his stead. After Girivat made his agreement to advance money to cover the expenses of making a picture, Smith proceeded and took the scenes, which were embodied in a film of a length in excess of 40,000 feet. At the conclusion of his labor, Smith brought the film to Los Angeles for the purpose of finishing it and adapting it to trade demands. It appears that it is essential, in order to market the film, that sound effects be incorporated with it; otherwise it is unsalable. A prospective purchaser is in view, and it appears that it may be possible to realize a large amount of money in the marketing of the picture. The contract of November, 1928, made by Girivat, under which the latter advanced a large amount of money to pay the expenses of taking the film "Siam," provides that Girivat shall have the right to arrange for the marketing of the film, and that out of the proceeds he shall be paid the amount of his advances, after which profits are to be divided equally between him and Asiatic Exploration, Inc. Mrs. Whitcomb made a memorandum proposal under date of June 20, 1929, in which she suggested exactly the same preferred right of reimbursement for Girivat. The latter contract never became of binding effect, but it does show that there was nothing unconscionable in Girivat's contract as it would operate against Mrs. Whitcomb. As Mr. Smith testified, at the juncture when Girivat came forward with his proposal, the resources of the corporation were exhausted and Mrs. Whitcomb declined to furnish further funds. Hence, except for the use of the equipment, cameras, etc., which the company possessed at that time, the entire product composed in the film now in Smith's possession is the result of Girivat's investment.

Girivat's contract was approved by Smith, the then president of the corporation, and whether its making was authorized at a regularly called and assembled meeting of the board of directors is not very material, in view of the fact that all parties owning stock in the corporation must have had knowledge of it, and as they proceeded to use the money of Girivat they could not accept the benefits and disclaim the obligation. Prior to the film being brought to the United States, Girivat gave written authorization to Smith that the latter might enter into negotiations concerning the sale of the picture, with the proviso that no actual sale be made without his approval.

After careful consideration of the facts as presented, I am of the opinion that the agreement as made between Girivat and the corporation created the relationship of a joint adventure. There appears to be no reason, legal or equitable, why Girivat should not have accorded to him the rights which he insisted upon as the condition on which he advanced the capital necessary to create the property here in dispute.

The order will be that further injunction is denied. And it is adjudged that Louis Girivat, through his agent, John C. Smith, may proceed to market the film "Siam," or under whatever other name it may be finally completed, for the interest of the joint adventurers, all under the particular conditions and stipulations of the contract dated November 16, 1928, as recorded at the American Consulate at Bangkok, Siam, on the date hereinbefore stated.

An exception is allowed in favor of the receiver and in favor of the petitioning creditor, Mildred Whitcomb.